# United States District Court
### District of Arizona
## Office of the Clerk



**Brian D. Karth**
District Court Executive / Clerk Of Court
Sandra Day O'Connor U. S. Courthouse, Suite 130
401 West Washington Street, SPC 1
Phoenix, Arizona 85003-2118

**Michael S. O'Brien**
Chief Deputy Clerk
Evo A. DeConcini U.S. Courthouse
405 W. Congress, Suite 1500
Tucson, Arizona 85701-5010

**Debra D. Lucas**
Chief Deputy Clerk
Sandra Day O'Connor U. S. Courthouse, Suite 130
401 West Washington Street, SPC 1
Phoenix, Arizona 85003-2118

October 27, 2014



U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
NOV - 3 2014
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

Clerk, U.S. District Court
Northern District of New York
100 S Clinton St., PO Box 7367
Syracuse, NY 13261-7367

re:     Joseph Christopher Monahan
        our number:   CR-12-755-002-PHX-ROS
        your number:  CR-14-374-GTS

Dear Clerk of Court:

Enclosed are transfer documents pursuant to Federal Rule of Criminal Procedure 18:3605. Documents include:

| | | |
|---|---|---|
| 1) | Certified copy of the docket sheet | X |
| 2) | Consent to Transfer Case pursuant to 18:3605 | X |
| 3) | Certified copy of Indictment/Charging document | X |
| 4) | Certified copy of Judgment and Commitment | X |
| 5) | Other documents as requested | |

Sincerely,

BRIAN D. KARTH, DCE/Clerk of Court

By      /s/L.Figueroa
        Deputy Clerk

**PLEASE ACKNOWLEDGE RECEIPT OF THIS DOCUMENT AND RETURN IN THE
ENVELOPE PROVIDED - By:** _Darris_         Dated: 11/3/2014

Enclosures

FILED ✓    LODGED

RECEIVED    COPY

OCT 2 7 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

| PROB 22 (Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | CR00755-002 |
| | | DOCKET NUMBER *(Rec. Court)* |
| | | 5:14-cr-374 (GTS) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| JOSEPH CHRISTOPHER MONAHAN<br>Rome, NY | District Of Arizona | Phoenix |
| | NAME OF SENTENCING JUDGE | |
| | Roslyn O. Silver | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 7/25/14    TO 7/24/17 |

**OFFENSE**

Conspiracy

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF ARIZONA</u>

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of New York upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

<u>8/13/14</u>
Date

_____
Roslyn O. Silver
Chief United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>Northern District of New York</u>

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

<u>October 9, 2014</u>
Effective Date

_____
United States District Judge

CERTIFIED TO BE A TRUE COPY
DATED:_____

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

BY_____

MHB

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CRIMINAL DOCKET FOR CASE #: 2:12-cr-00755-ROS-2

Case title: USA v. Angileri et al

Date Filed: 04/10/2012
Date Terminated: 02/04/2013

Assigned to: Chief Judge Roslyn O
Silver

### Defendant (2)

**Joseph Christopher Monahan**
*TERMINATED: 02/04/2013*

represented by **Christopher Thomas Rapp**
Ryan Rapp & Underwood PLC
3200 N Central Ave
Ste 1600
Phoenix, AZ 85012
602-280-1000
Fax: 602-265-1495
Email: ctrapp@rrulaw.com
*TERMINATED: 05/16/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Dana Carpenter**
Law Office of Dana Carpenter
Lazarus Professional Bldg
420 W Roosevelt St
Ste 105
Phoenix, AZ 85003-1325
602-266-5770
Fax: 602-412-5720
Email: danacarpenter5@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

18:371; Conspiracy
(1s)

### Disposition

Committed to BOP for a term of 18
months followed by supervised release
for a term of 3 years. Special
Assessment: $100.00; Fine: Waived;
Restitution: $1,845,028.70

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1349 Conspiracy (1) | Dismissed. |
| 18:1343 and 2 Wire Fraud (2-10) | Dismissed. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**     represented by   **Frank T Galati**
US Attorneys Office - Phoenix, AZ
2 Renaissance Square
40 N Central Ave., Ste. 1200
Phoenix, AZ 85004-4408
602-514-7582
Fax: 602-514-7450
Email: frank.galati@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2012 | 2 | INDICTMENT as to Kevin Buurma Angileri (1) count(s) 1, 2-10, Joseph Christopher Monahan (2) count(s) 1, 2-10. Arraignment set for 4/25/12 at 10:30 a.m. before Magistrate Judge Logan. (TLJ) (Entered: 04/11/2012) |
| 04/10/2012 | 5 | NOTICE/Letter that a conflict may exist by USA as to Kevin Buurma Angileri, Joseph Christopher Monahan. (TLJ) (Entered: 04/11/2012) |
| 04/10/2012 | 6 | NOTICE/Letter that no conflict exists by USA as to Kevin Buurma Angileri, Joseph Christopher Monahan. (TLJ) (Entered: 04/11/2012) |
| 04/11/2012 | 8 | MINUTE ORDER that the arraignment previously set for 4/25/12 at 10:30 a.m. has been reset for 5/2/12 at 10:30 a.m. before Magistrate Judge Edward C. Voss as to Kevin Buurma Angileri, Joseph Christopher Monahan. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TLJ) (Entered: 04/11/2012) |

| 04/26/2012 | 18 | Summons Returned Executed on 4/26/12 as to Joseph Christopher Monahan (MAP) (Entered: 05/08/2012) |
|---|---|---|
| 04/30/2012 | 10 | *MOTION to Continue and Notice of Appearance by Joseph Christopher Monahan. (Attachments: # 1 Text of Proposed Order)(Rapp, Christopher) *Modified to correct motion type and document not text searchable on 4/30/2012 (TLJ). (Entered: 04/30/2012) |
| 05/01/2012 | 11 | ORDER granting 10 Motion to Continue Arraignment as to Joseph Christopher Monahan (2). Initial Appearance and Arraignment reset to 5/16/12 at 10:30am. Signed by Magistrate Judge Edward C Voss on 4/30/12. (LFIG) (Entered: 05/01/2012) |
| 05/14/2012 | 20 | Minute Order: Set/Reset Hearings as to Joseph Christopher Monahan. Initial Appearance/Arraignment has been reset for 5/16/2012 at 10:00 AM in Courtroom 303, 401 West Washington Street, Phoenix, AZ 85003 before Magistrate Judge Michelle H Burns. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (PKD) (Entered: 05/14/2012) |
| 05/16/2012 | 21 | MINUTE ENTRY for proceedings held before Magistrate Judge Michelle H Burns: Initial Appearance and Arraignment as to Joseph Christopher Monahan held on 5/16/2012. Defendant enters plea of NOT guilty to all pending counts. FINANCIAL AFFIDAVIT TAKEN. The Court finds that the defendant does qualify for court appointed counsel and that this finding is without prejudice to the presiding judge, at the conclusion of the case, depending on the defendants economic circumstances at that time, requiring that the defendant contribute to the cost of his representation. CJA Attorney Dana Carpenter appointed. Retained Attorney Christopher Thomas Rapp is relieved of further responsibility in this case. Detention Hearing submitted. Defendant ordered released on own recognizance with conditions without pretrial supervision.<br><br>**Appearances**: AUSA Frank Galati for the Government, CJA Attorney Dana Carpenter for defendant, limited appearance by retained attorney Christopher Rapp for defendant. Defendant is present and released. Motions due: 21 days. Jury Trial set for 7/3/2012 at 09:00 AM in Courtroom 604, 401 West Washington Street, Phoenix, AZ 85003 before Chief Judge Roslyn O Silver. (Recorded by COURTSMART.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KAL) (Entered: 05/16/2012) |
| 05/16/2012 | 23 | ORDER Setting Conditions of Release as to Joseph Christopher Monahan. Signed by Magistrate Judge Michelle H Burns on 5/16/2012. (KAL) (Entered: 05/16/2012) |
| 06/06/2012 | 24 | First MOTION to Continue Trial *and Pretrial Filing Deadline* by Joseph Christopher Monahan. (Attachments: # 1 Text of Proposed Order Order) (Carpenter, Dana) (Entered: 06/06/2012) |
| 06/06/2012 | 25 | ORDER granting 24 Motion to Continue Trial filed as to Joseph Christopher Monahan (2). Jury Trial reset for 9/4/2012 at 08:30 AM in Courtroom 604, 401 West Washington Street, Phoenix, AZ 85003 before Chief Judge Roslyn O Silver. Pretrial Motions due 8/3/2012. Order to Continue Trial applies to |

|  |  | the following defendants: Kevin Buurma Angileri, Joseph Christopher Monahan. Signed by Chief Judge Roslyn O Silver on 6/6/12.(CLB) (Entered: 06/06/2012) |
|---|---|---|
| 08/02/2012 | 27 | IT IS ORDERED, as to Joseph Christopher Monahan, Change of Plea Hearing set for 8/30/2012 at 11:00 AM in Courtroom 303, 401 West Washington Street, Phoenix, AZ 85003 before Magistrate Judge Michelle H Burns. Ordered by Magistrate Judge Michelle H Burns.(MHB,emc)(This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) (Entered: 08/02/2012) |
| 08/30/2012 | 30 | CONSENT OF DEFENDANT Joseph Christopher Monahan for Guilty Plea Hearing before a United States Magistrate Judge. (SMH) (Entered: 08/30/2012) |
| 08/30/2012 | 31 | WAIVER OF INDICTMENT filed by Joseph Christopher Monahan. (SMH) (Entered: 08/30/2012) |
| 08/30/2012 | 32 | INFORMATION filed as to Joseph Christopher Monahan (2) count(s) 1s. (SMH) (Entered: 08/30/2012) |
| 08/30/2012 | 33 | MINUTE ENTRY for proceedings held before Magistrate Judge Michelle H Burns: Change of Plea Hearing as to Joseph Christopher Monahan held on 8/30/2012. Defendant enters plea of guilty to Count One of the Information. THE COURT ORDERS the trial date/pending hearings VACATED. Pending motions are rendered moot. Prior custody/release orders are AFFIRMED. The Court directs the US Probation Office to prepare a Presentence Report.<br><br>**Appearances**: AUSA Frank Galati for the Government, CJA Attorney Dana Carpenter for defendant. Defendant is present and released. Sentencing set for 11/13/2012 at 10:30 AM in Courtroom 604, 401 West Washington Street, Phoenix, AZ 85003 before Chief Judge Roslyn O Silver. (Recorded by COURTSMART.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KAL) (Entered: 08/30/2012) |
| 08/30/2012 | 34 | LODGED PLEA AGREEMENT as to Joseph Christopher Monahan re: 33 Change of Plea Hearing. (KAL) (Entered: 08/30/2012) |
| 08/31/2012 | 35 | MAGISTRATE JUDGE FINDINGS & RECOMMENDATIONS UPON A PLEA OF GUILTY AND ORDER as to Joseph Christopher Monahan. Signed by Magistrate Judge Michelle H Burns on 8/31/2012. (MMO) (Entered: 08/31/2012) |
| 09/17/2012 | 36 | TEXT ONLY ORDER Adopting Magistrate Judge Findings and Recommendations 35 upon a plea of guilty as to Joseph Christopher Monahan: On 8/31/12, Magistrate Judge Michelle H. Burns filed "Findings and Recommendation of the Magistrate Judge Upon a Plea of Guilty." The Findings recommended to the District Court to accept the Defendant's plea of guilty, subject to this Court's acceptance of the Plea Agreement. Having reviewed this matter de novo, and no objections having been filed pursuant to 28 USC § 636(b)(1), the Court accepts the recommendation of the magistrate judge. Accordingly, THE COURT ORDERS the Defendant's plea of guilty ACCEPTED. THE COURT FURTHER ORDERS that the plea |

| | | |
|---|---|---|
| | | agreement will not be accepted or rejected at this time, but will be deferred to the time of sentencing. ORDERED BY THE COURT 9/17/12. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (CLB) (Entered: 09/17/2012) |
| 10/23/2012 | 42 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Joseph Christopher Monahan (Carpenter, Dana) (Entered: 10/23/2012) |
| 11/02/2012 | 45 | RESPONSE re 42 Objection to Presentence Investigation Report *United States' Response To Defendant's Objections To Presentence Report* by USA as to Joseph Christopher Monahan (Galati, Frank) (Entered: 11/02/2012) |
| 12/10/2012 | 48 | TEXT ONLY Minute Entry for proceedings held before Chief Judge Roslyn O Silver: The sentencing set as to Joseph Christopher Monahan on 12/10/2012 is continued. The Court requires additional information as set forth on the record. A Joint Memorandum is due 1/4/2013. <br><br> **Appearances**: AUSA Frank Galati for the Government, CJA Attorney Dana Carpenter for defendant. Defendant is present and released. Sentencing continued to 1/17/2013 at 10:00 AM in Courtroom 604, 401 West Washington Street, Phoenix, AZ 85003 before Chief Judge Roslyn O Silver. (Court Reporter Elaine Cropper.) Hearing held 2:32 to 3:17. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (CLB) (Entered: 12/10/2012) |
| 01/11/2013 | 56 | Emergency MOTION to Continue Sentencing by USA as to Joseph Christopher Monahan. (Attachments: # 1 Text of Proposed Order)(Galati, Frank) (Entered: 01/11/2013) |
| 01/14/2013 | 57 | TEXT ONLY ORDER granting 56 Motion to Continue Sentencing as to Joseph Christopher Monahan (2). Sentencing set for 1/17/2013 is continued to 2/4/2013 at 02:30 PM in Courtroom 604, 401 West Washington Street, Phoenix, AZ 85003 before Chief Judge Roslyn O Silver. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (CLB) (Entered: 01/14/2013) |
| 02/04/2013 | 60 | TEXT ONLY Minute Entry for proceedings held before Chief Judge Roslyn O Silver: Sentencing as to Joseph Christopher Monahan held on 2/4/2013. Sentence imposed. Judgment to issue. <br><br> **Appearances**: AUSA Frank Galati for the Government, CJA Attorney Dana Carpenter for defendant. Defendant is present and released. (Court Reporter Elaine Cropper.) Hearing held 2:36 PM to 2:57 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (CLB) (Entered: 02/04/2013) |
| 02/04/2013 | 61 | JUDGMENT AND COMMITMENT ISSUED as to Joseph Christopher Monahan (2), Count(s) 1, 2-10, Dismissed. Count(s) 1s, Committed to BOP for a term of 18 months followed by supervised release for a term of 3 years. Special Assessment: $100.00; Fine: Waived; Restitution: $1,845,028.70. The defendant shall self-surrender for service of sentence at the institution designated by the Bureau of Prisons or United States Marshal by 12:00 p.m. |

| | | on 3/4/13. Signed by Chief Judge Roslyn O Silver on 2/4/13.(TLJ) (Entered: 02/04/2013) |
|---|---|---|
| 02/04/2013 | 62 | PLEA AGREEMENT as to Joseph Christopher Monahan. (TLJ) (Entered: 02/05/2013) |
| 02/27/2013 | 65 | First MOTION to Continue *Self Surrender Date* by Joseph Christopher Monahan. (Attachments: # 1 Text of Proposed Order)(Carpenter, Dana) (Entered: 02/27/2013) |
| 02/27/2013 | 66 | TEXT ONLY ORDER granting 65 Motion to Continue Self Surrender Date as to Joseph Christopher Monahan (2). Defendant's self surrender date is extended from March 4, 2013 to April 5, 2013 at 12:00 p.m. Ordered by Chief Judge Roslyn O. Silver on 2/27/2013. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (CLB) (Entered: 02/27/2013) |

CERTIFIED TO BE A TRUE COPY
DATED:_____

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

BY _____
DEPUTY CLERK

JOHN S. LEONARDO
United States Attorney
District of Arizona

FRANK T. GALATI
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 03404
Telephone (602) 514-7500
Frank.Galati@usdoj.gov

```
  X  FILED       ___ LODGED
  ___ RECEIVED    ___ COPY

       AUG 3 0 2012

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
  BY_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Joseph Christopher Monahan,<br><br>                    Defendant. | NO.  CR-12-755-02-PHX-ROS<br><br>**I N F O R M A T I O N**<br><br>VIO:  18 U.S.C. § 371<br>          (Conspiracy) |

THE UNITED STATES ATTORNEY CHARGES:

At all times relevant to this Information:

## **INTRODUCTION**

1. Enterprise Direct, LLC (hereinafter "EDI") was founded in 2005 by Kevin Angileri, Joseph Monahan and a third person who left EDI shortly after its founding.  EDI was in the business of selling computer hardware and software to end users.

2. KEVIN BUURMA ANGILERI was President of Enterprise Direct, LLC.

3. JOSEPH CHRISTOPHER MONAHAN was Chief Operating Officer of EDI.

4. Hewlett Packard (hereinafter "HP") was a manufacturer and supplier of computer hardware and software.

5. Global Technology Finance, LLC (hereinafter "GTF") was a company that provided vendor and accounts receivable financing for technology providers.

6. New England Technology Finance, LLC (hereinafter "NETF") was a single-member limited liability company which was affiliated with GTF and provided financing to EDI.

1     7. The term "gray market" signifies the trading of a commodity through distribution
2 channels that are unofficial, unauthorized or unintended by the original manufacturer.

3     8. EDI had agreements with suppliers of computer hardware and software, including HP.
4 EDI's agreement with HP allowed EDI to purchase HP products at wholesale prices under certain
5 conditions. One of those conditions was that EDI would only sell HP products to end customers
6 and would not sell HP products to any intermediary or on the "gray market." HP sold most of
7 its products through authorized distributors as well as through authorized partners, such as EDI,
8 rather than directly to end users. EDI became an authorized partner of HP in 2006.

9     9. HP's distributors and partners were able to obtain HP products at a slight discount from
10 HP's list price so that they in turn could sell those products for profit to ultimate end users. In
11 order to be able to adjust its prices to address unique circumstances and potentially win additional
12 business, HP developed its "Big Deal" program which authorized substantial discounts to specific
13 end users who agreed to use the products internally and not resell them. Some of the legitimate
14 business reasons HP would provide "Big Deal" discounts include the opportunity for future large
15 volume sales, further utilization of HP products in the customer's technology infrastructure, and
16 continued maintenance of existing HP products. HP "Big Deals" often involved discounts in the
17 millions of dollars.

18     10. HP offered "Big Deal" discounts to its authorized partners who sold HP products to
19 end users. For authorized partners such as EDI to qualify for the "Big Deal" discounts,
20 authorized partners such as EDI must show HP that (a) there is a competitive market for the
21 products, thereby requiring the discount and (b) that the designated end user is purchasing HP
22 products for its own use and will not resell the HP products. When a "Big Deal" was negotiated
23 through an HP distributor or partner, HP had to approve of the discount provided to the end user
24 and then HP paid a rebate to the distributor or partner equal to the amount of the discount.

25     11. HP sought to ensure that only legitimate end users received "Big Deal" discounts
26 because the resale of goods purchased under a "Big Deal" harms HP, as well as its distributors,

27

28                         2

1  partners and customers.  For that reason, HP would not  provide the discount without the
2  representation that the goods would be used internally by the end user.

3      12.  On or about April 7, 2006, NETF entered into multiple agreements with EDI to
4  provide financing for EDI.  JOSEPH CHRISTOPHER MONAHAN signed the agreements on
5  behalf of EDI.  It was provided that EDI would solicit end users for sales of computer hardware
6  and software, and GTF, through NETF, would fund the purchases of the computer products.
7  GTF/NETF would then receive the rights to the accounts receivable and pay EDI a servicing fee.

8                              **CONSPIRACY**
                                **(COUNT 1)**
9

10     13.  The factual allegations in paragraphs 1 to 12 of the Information are incorporated
   herein by reference and re-alleged as though fully set forth herein.
11

12     14. Beginning at least as early as January, 2007 and continuing through on or around June,
   2007, in the District of Arizona and elsewhere, KEVIN BUURMA ANGILERI and JOSEPH
13
   CHRISTOPHER MONAHAN  did knowingly and willfully conspire and agree with each other
14
   and with persons known and unknown to the Grand Jury to devise a scheme and artifice to
15
   defraud, and to obtain money and property by means of materially false and fraudulent pretenses,
16
   representations and promises, knowing that they were false and fraudulent when made, and
17
   transmitting and causing to be transmitted certain wire communications in interstate and foreign
18
   commerce, for the purpose of executing the scheme, that is, Wire Fraud, in violation of Title 18,
19
   United States Code, §1343.
20

21              **OBJECT OF THE CONSPIRACY AND SCHEME TO DEFRAUD**

22     15. It was an object of the conspiracy that KEVIN BUURMA ANGILERI and JOSEPH
   CHRISTOPHER MONAHAN and their coconspirators, through the fraudulent schemes described
23
   in this Information, (a) obtain computer products from HP and funds from GTF and NETF, the
24
   entity that financed EDI, and (b) resell the HP products to unauthorized purchasers and receive
25
   payment via wire transmissions.
26

27

28                                    3

**MANNER AND MEANS OF THE CONSPIRACY AND SCHEME TO DEFRAUD**

16. The manner and means employed to effect the object of the conspiracy included the following:

    (A)  KEVIN BUURMA ANGILERI and JOSEPH CHRISTOPHER MONAHAN, through EDI, arranged for associates to order on behalf of the associates' purported end-user businesses, HP products from EDI.

    (B)  Invoices were then submitted by the purported end-user businesses to EDI for the ordered HP products.

    (C)  EDI, through KEVIN BUURMA ANGILERI and JOSEPH CHRISTOPHER MONAHAN, created fraudulent invoices to the purported business for the purported purchase and submitted them to HP to obtain the items ordered by the purported businesses of ANGILERI's and MONAHAN's associates.

    (D)  EDI then purchased the HP products with GTF and/or NETF funding.

    (E)  The products ordered were then either picked up at HP's "will call" or were shipped to addresses controlled by ANGILERI, MONAHAN or their associates.

    (F)  After the products were received by ANGILERI, MONAHAN or their associates, they were resold to unauthorized end users, in violation of EDI's agreement with HP.

**OVERT ACTS**

17. In furtherance of the aforesaid conspiracy, and to effect the objects of the conspiracy, KEVIN BUURMA ANGILERI and JOSEPH CHRISTOPHER MONAHAN and others known and unknown performed and caused to be performed, among others, the following overt acts in the District of Arizona and elsewhere:

    a.  On or about March 30, 2007, defendants caused invoice 23581 in the amount of $16,309.60 to be issued in the name of Light Speed Computers.

    b.  On or about April 5, 2007, defendants sold computer products related to invoice 23581 to Arbitech, LLC of Irvine, California.

4

c.     On or about April 5, 2007, defendants sold computer products related to invoice 23601 to Arbitech, LLC of Irvine, California.

d.     On or about April 5, 2007, defendants sold computer products related to invoice 23700 to Arbitech, LLC of Irvine, California.

e.     On or about April 5, 2007, defendants sold computer products related to invoice 23701 to Arbitech, LLC of Irvine, California.

f.     On or about April 6, 2007, defendants caused invoice 23601 in the amount of $5,444.98 to be issued in the name of Light Speed Computers.

g.     On or about April 6, 2007, defendants caused invoice 23700 in the amount of $34,200 to be issued in the name of Light Speed Computers.

h.     On or about April 6, 2007, defendants caused invoice 23701 in the amount of $2,282.29 to be issued in the name of Light Speed Computers.

i.     On or about April 10, 2007, defendants caused invoice 23669 in the amount of $4,077 to be issued in the name of Light Speed Computers.

j.     On or about April 10, 2007, defendants sold computer products related to invoice 23669 to Arbitech, LLC of Irvine, California.

k.     On or about April 11, 2007, Arbitech, LLC wire transferred $58,236.87 from a bank in California to an account used by defendants at Washington Mutual Bank.

l.     On or about April 13, 2007, Arbitech, LLC wire transferred $4,077 from a bank in California to an account used by defendants at Washington Mutual Bank.

m.     On or about April 13, 2007, defendants caused invoice 23727 in the amount of $21,100 to be issued in the name of Light Speed Computers.

n.     On or about April 13, 2007, defendants caused invoice 23769 in the amount of $32,001.12 to be issued in the name of Light Speed Computers.

o.     On or about April 13, 2007, defendants caused invoice 23771 in the amount of $17,800 to be issued in the name of Light Speed Computers.

5

1           p.    On or about April 13, 2007, defendants caused invoice 23617 in the amount of

2  $64,479.16 to be issued in the name of Light Speed Computers.

3           q.    On or about April 15, 2007, defendants sold computer products related to invoice

4  23727 to Arbitech, LLC of Irvine, California.

5           r.    On or about April 15, 2007, defendants sold computer products related to invoice

6  23769 to Arbitech, LLC of Irvine, California.

7           s.    On or about April 15, 2007, defendants sold computer products related to invoice

8  23771 to Arbitech, LLC of Irvine, California.

9           t.    On or about April 15, 2007, defendants sold computer products related to invoice

10  23617 to Arbitech, LLC of Irvine, California.

11           u.    On or about April 15, 2007, defendants sold computer products related to invoice

12  23770 to Arbitech, LLC of Irvine, California.

13           v.    On or about April 15, 2007, defendants sold computer products related to invoice

14  23826 to Arbitech, LLC of Irvine, California.

15           w.    On or about April 15, 2007, defendants sold computer products related to invoice

16  23699 to Arbitech, LLC of Irvine, California.

17           x.    On or about April 16, 2007, defendants caused invoice 23770 in the amount of

18  $21,573.60 to be issued in the name of Light Speed Computers.

19           y.    On or about April 16, 2007, defendants caused invoice 23826 in the amount of

20  $8,832 to be issued in the name of Light Speed Computers.

21           z.    On or about April 16, 2007, defendants caused invoice 23699 in the amount of

22  $30,876 to be issued in the name of Light Speed Computers.

23           aa.    On or about April 16, 2007, defendants caused invoice 23851 in the amount of

24  $3,863.18 to be issued in the name of Light Speed Computers.

25           bb.    On or about April 17, 2007, Arbitech, LLC wire transferred $70,901.12 from a

26  bank in California to an account used by defendants at Washington Mutual Bank.

27

28                                    6

1          cc.    On or about April 18, 2007, Arbitech, LLC wire transferred $89,607.34 from a

2    bank in California to an account used by defendants at Washington Mutual Bank.

3          dd.    On or about April 20, 2007, Arbitech, LLC wire transferred $8,832 from a bank

4    in California to an account used by defendants at Washington Mutual Bank.

5          ee.    On or about April 25, 2007, defendants caused invoice 23862 in the amount of

6    $43,890 to be issued in the name of Light Speed Computers.

7          ff.    On or about April 25, 2007, defendants caused invoice 23864 in the amount of

8    $31,125.80 to be issued in the name of Light Speed Computers.

9          gg.    On or about April 25, 2007, defendants caused invoice 23902 in the amount of

10   $42,165 to be issued in the name of Light Speed Computers.

11         hh.    On or about April 25, 2007, defendants caused invoice 23960 in the amount of

12   $41,650 to be issued in the name of Light Speed Computers.

13         ii.    On or about April 25, 2007, Arbitech, LLC wire transferred $30,876 from a bank

14   in California to an account used by defendants at Washington Mutual Bank.

15         jj.    On or about April 27, 2007, defendants sold computer products related to invoice

16   23862 to Arbitech, LLC of Irvine, California.

17         kk.    On or about April 27, 2007, defendants sold computer products related to invoice

18   23864 to Arbitech, LLC of Irvine, California.

19         ll.    On or about April 29, 2007, defendants caused invoice 24181 in the amount of

20   $75,493 to be issued in the name of Morgan Financial.

21         mm.    On or about April 30, 2007, defendants sold computer products related to invoice

22   23851 to Arbitech, LLC of Irvine, California.

23         nn.    On or about April 30, 2007, defendants caused invoice 23959 in the amount of

24   $7,678.82 to be issued in the name of Light Speed Computers.

25         oo.    On or about May 3, 2007, Arbitech, LLC wire transferred $78,886.98 from a

26   bank in California to an account used by defendants at Washington Mutual Bank.

27

28         7

1          pp.   On or about May 3, 2007, defendants sold computer products related to invoice
2  23960 to Arbitech, LLC of Irvine, California.

3          qq.   On or about May 3, 2007, defendants sold computer products related to invoice
4  23902 to Arbitech, LLC of Irvine, California.

5          rr.   On or about May 3, 2007, defendants sold computer products related to invoice
6  23959 to Arbitech, LLC of Irvine, California.

7          ss.   On or about May 4, 2007, Arbitech, LLC wire transferred $52,184.24 from a bank
8  in California to an account used by defendants at Washington Mutual Bank.

9          tt.   On or about May 7, 2007, defendants caused invoice 24247 in the amount of
10  $80,560 to be issued in the name of Morgan Financial.

11          uu.   On or about May 7, 2007, defendants caused invoice 24256 in the amount of
12  $10,576 to be issued in the name of Morgan Financial.

13          vv.   On or about May 9, 2007, defendants caused invoice 24486 in the amount of
14  $57,850 to be issued in the name of Light Speed Computers.

15          ww.  On or about May 18, 2007, defendants sold computer products related to invoice
16  24181 to Arbitech, LLC of Irvine, California.

17          xx.   On or about May 18, 2007, defendants sold computer products related to invoice
18  24247 to Arbitech, LLC of Irvine, California.

19          yy.   On or about May 18, 2007, defendants sold computer products related to invoice
20  24256 to Arbitech, LLC of Irvine, California.

21          zz.   On or about May 18, 2007, defendants sold computer products related to invoice
22  24486 to Arbitech, LLC of Irvine, California.

23          aaa. On or about May 18, 2007, defendants caused invoice 24274 in the amount of
24  $6,245 to be issued in the name of Light Speed Computers.

25          bbb. On or about May 18, 2007, defendants sold computer products related to invoice
26  24274 to Arbitech, LLC of Irvine, California.

27

28                                              8

1    ccc.  On or about May 18, 2007, defendants sold computer products related to invoice

2  24269 to Arbitech, LLC of Irvine, California.

3    ddd.  On or about May 18, 2007, defendants sold computer products related to invoice

4  24323 to Arbitech, LLC of Irvine, California.

5    eee.  On or about May 21, 2007, Arbitech, LLC wire transferred $269,622 from a bank

6  in California to an account used by defendants at Washington Mutual Bank.

7    fff.  On or about May 29, 2007, defendants caused invoice 24269 in the amount of

8  $28,770 to be issued in the name of Light Speed Computers.

9    ggg.  On or about May 29, 2007, defendants caused invoice 24323 in the amount of

10  $10,128 to be issued in the name of Light Speed Computers.

11    In violation of Title 18, United States Code, Section 371.

12    Dated this 30th day of August, 2012.

13

14    JOHN S. LEONARDO
     United States Attorney
     District of Arizona

15

16

17    FRANK T. GALATI
     Assistant U.S. Attorney

18

19

20

21

22

23

24    CERTIFIED TO BE A TRUE COPY
     DATED: 10.27.4

25
     CLERK OF THE COURT
26   UNITED STATES DISTRICT COURT
     DISTRICT OF ARIZONA

27   BY

28                    DEPUTY CLERK

                    9

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

**United States of America**

    **v.**

**Joseph Christopher Monahan**

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on or After November 1, 1987)

### No. CR 12-00755-002-PHX-ROS

Dana Carpenter (CJA)
Attorney for Defendant

USM#: 69217-308

**THE DEFENDANT ENTERED A PLEA OF** guilty on 8/30/2012 to the Information.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §371, Conspiracy, a Class D Felony offense, as charged in the Information.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **EIGHTEEN (18) MONTHS** on the Information.  Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS** on the Information.  The Court recommends that the defendant be placed in an institution in New York or as close to New York as possible.

**IT IS FURTHER ORDERED** that the Indictment is dismissed on motion of the United States.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

    **SPECIAL ASSESSMENT:**  $100.00    **FINE:**  Waived  **RESTITUTION:**  $1,845,028.70

The defendant shall pay a special assessment of $100.00, which shall be due immediately.

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

The defendant shall pay restitution to the following victim(s) in the following amount(s):

$1,845,028.70 to Hewlett Packard, to be paid jointly and severally with the co-defendant(s) in this case.

CR 12-00755-002-PHX-ROS                                          Page 2 of 4
USA vs. Joseph Christopher Monahan

The defendant shall pay a total of $ 1,845,128.70 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $ 250 over a period of 35 months to commence 60 days after the release from imprisonment to a term of supervised release.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $100.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for the Information.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **THREE (3) YEARS** on the Information.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 12-13, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions, of particular importance, you shall not commit another federal, state or local crime during the term of supervision and the defendant shall abstain from the use of illicit substances:

1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. The use or possession of medicinal marijuana, even with a physician's written certification, is not permitted. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

CR 12-00755-002-PHX-ROS                                                    Page 3 of 4
USA vs. Joseph Christopher Monahan

13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition.  Possession of a firearm will result in mandatory revocation of your term of supervision.  This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);
18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
19) You shall pay any monetary penalties as ordered by the Court.  You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.
20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1.   You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

2.   You shall provide all financial documentation requested by the probation office.

3.   You shall submit your person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. 1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a probation officer.  Failure to submit to a search may be grounds for revocation of release.  You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release.  The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

CR 12-00755-002-PHX-ROS                                                           Page 4 of 4
USA vs. Joseph Christopher Monahan

The Court orders commitment to the custody of the Bureau of Prisons and recommends that the
defendant be placed in an institution in New York or as close to New York as possible.

The defendant shall self-surrender for service of sentence at the institution designated by the
Bureau of Prisons or United States Marshal by 12:00 p.m. on 3/4/13.

Date of Imposition of Sentence: **Monday, February 4, 2013**

DATED this 4th day of February, 2013.

_____
Roslyn O. Silver
Chief United States District Judge

### RETURN

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the
institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____          By:_____
United States Marshal                                     Deputy Marshal

CR 12-00755-002-PHX-ROS - Angileri                                          2/4/13 3:01pm

CERTIFIED TO BE A TRUE COPY
DATED:_____

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

BY_____
DEPUTY CLERK

U.S. DISTRICT COURT CLERK'S OFFICE
SANDRA DAY O'CONNOR U.S. COURTHOUSE, SUITE 130
401 W. WASHINGTON STREET, SPC 1
PHOENIX, AZ 85003-2118

OFFICIAL BUSINESS

Clerk, U.S. District Court
Northern District of New York
100 S Clinton St., PO Box 7367
Syracuse, NY 13261-7367



U.S. DISTRICT COURT
LAWRENCE K. BAERMAN, CLERK

NOV - 3 2014

RECEIVED

RECEIVED
NOV - 3 2014